OPINION
{¶ 1} Appellant Brian P. Hanna appeals a judgment of the Knox County Common Pleas Court convicting him of rape (R.C. 2907.02
(A)(1)(b)):
 {¶ 2} "Brian Hanna was Denied Effective Assistance of Counsel Guaranteed Under The Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution.
 {¶ 3} "The trial Court Erred when it allowed Brenda Hanna to Testify to out-of-Court Statements Made by Ashley ard, which the State Offered in evidence to prove the truth of the Matter Asserted, in violation of Evid. R. 802.
 {¶ 4} "The Cumulative Effect of the Errors Committed at Trial Deprived Brian Hanna His Constitutional Right to a fair Trial.
 {¶ 5} "The original Appellate Counsel was ineffective in failing to Raise the foregoing assignments of error, Depriving MR. Hanna of his right to due process and equal protection under the law guaranteed by the constitutions of this state and the United States."
 {¶ 6} Ashley Ward is appellant's step-daughter. When Ashley was about eleven years old, appellant began touching her breasts, kissing her on the lips, and touching her vaginal area with his hands and his mouth. Appellant also had Ashley touch his penis with her hands and her mouth. Appellant was married to Ashley's mom, Brenda, and engaged in this conduct while Brenda was at a friend's house or at work. The sexual contact with Ashley occurred about once a week, for a period of about a year.
 {¶ 7} In October of 2000, Brenda asked Ashley if appellant "messed with her." When Ashley responded that he had, Brenda confronted appellant. Brenda asked appellant if there was anything going on. He admitted that there was, but did not indicate any specific acts. Appellant took Brenda and her children to Pennsylvania in the middle of the night, telling Brenda that he was going to get help.
 {¶ 8} After becoming aware of Ashley's accusations against appellant, Detective Robert Durbin of the Knox County Sheriff's Department contacted appellant by telephone on October 31, 2000. During the telephone interview, appellant admitted that he had sexually abused Ashley. He indicated that this occurred over a period of a little less than a year. He admitted that it started as fondling, but eventually, Ashley performed oral sex on appellant, and he admitted to performing oral sex on Ashley as well. He told Detective Durbin that the last incident occurred a few days prior to the fight with Brenda concerning the problems with Ashley. He said that while in Pennsylvania, he tried to kill himself by strangling himself. He told the detective that Ashley was eleven years old when all of this started.
 {¶ 9} Appellant was indicted on one count of rape by the Knox County Grand Jury. The case proceeded to jury trial in the Knox County Common Pleas Court. He was convicted as charged. He was sentenced to a definite term of ten years incarceration, and adjudicated to be a sexually oriented offender.
 {¶ 10} Appellant's conviction and sentence were affirmed by this court on May 9, 2002. Appellant then filed an application to re-open his appeal, alleging ineffective assistance of appellate counsel. The motion was granted, and this case is now before this court on the re-opened appeal.
 I {¶ 11} In his first assignment of error, appellant argues that counsel was ineffective for failing to object to irrelevant testimony, and failing to object to Brenda Hanna's testimony on the grounds of marital privilege.
 {¶ 12} Counsel is not ineffective unless counsel's performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington
(1984), 466 U.S. 668, 6687; State v. Bradley (1989), 42 Ohio St.3d 136. Prejudice is demonstrated when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 13} Appellant first argues that counsel was ineffective for failing to object to questioning of Ashley, which was not relevant, and was designed to appeal to the emotions and sympathies of the jury.
 {¶ 14} During the preliminary questioning of Ashley by the prosecutor, the prosecutor asked her a series of questions concerning whether she had pets, what kind of dog she had, what she liked to do in her spare time, who she played softball for, what kind of music she liked, what kind of subjects she liked in school, and what kind of food she preferred. While appellant claims that counsel should have objected to these questions, as they have nothing to do with the case, clearly these questions were asked to help Ashley feel comfortable on the stand, before delving into the sexual conduct at issue in the case. Appellant has not demonstrated that counsel was ineffective for failing to object to such testimony nor has he demonstrated that in the absence of this testimony, he would have been acquitted.
 {¶ 15} Appellant also argues that counsel should have objected to the testimony of Brenda Hanna on the basis of marital privilege.
 {¶ 16} Evid. R. 601(B)(1) provides that a spouse testifying against the other spouse charged with a crime is not competent to be a witness unless the crime is committed against the testifying spouse or a child of either spouse. In the instant case, had counsel objected to Brenda's testimony, it would have fallen within this exception for a crime against the child of one of the spouses. While appellant argues that the communications testified to by Brenda did not specifically relate to sexual conduct, it is clear from the context of her testimony that while she did not know the exact acts, her conversation with appellant centered around whether he had been doing things with Ashley which ultimately led to the charge of rape. While she didn't specifically ask if he had sexually touched Ashley, she testified that she asked him if there was anything going on, and he indicated that he wanted help for his problem with Ashley. She also testified that after this conversation, she asked him to leave the house.
 {¶ 17} Appellant has not demonstrated that had counsel objected to these statements, the objection would have been sustained, or the result of the proceeding would have been different. Her testimony merely corroborated Ashley's testimony concerning the argument she heard between her mother and appellant, and corroborated the statements appellant gave to Detective Durbin.
 {¶ 18} The first assignment of error is overruled.
 II {¶ 19} Appellant argues that the court erred in admitting testimony of Brenda concerning out-of-court statements made by Ashley, in violation of the hearsay rule.
 {¶ 20} On direct examination, Brenda testified that she asked Ashley if appellant had messed with her, and Ashley said yes. An objection on the basis of hearsay was overruled.
 {¶ 21} The testimony at issue was not offered to prove the truth of the matter asserted, but was offered to prove the effect of Ashley's answer on the listener, Brenda Hanna. Ashley's answer set in motion the chain of events leading to the confrontation between Brenda and appellant, causing appellant to leave for Pennsylvania in the middle of the night. Further, this evidence was cumulative, as Hazel Wood, a friend of the family, testified that while appellant was in Pennsylvania, he admitted to her that he had "fumbled around" with Ashley, and Detective Durbin testified that during his phone conversation with appellant, appellant admitted to engaging in sexual conduct with Ashley when she was under the age of thirteen.
 {¶ 22} The second assignment of error is overruled.
 III {¶ 23} Appellant argues that the cumulative effect of the errors in his trial denied him his constitutional right to a fair trial. As we have overruled all prior assignments of error, we do not find the cumulative effect of any errors deprived him of a fair trial.
 {¶ 24} The third assignment of error is overruled.
 IV {¶ 25} Appellant argues that his original appellate counsel was ineffective in failing to raise the foregoing assignments of error. As we have overruled all assignments of error, the fourth assignment of error is also overruled.
 {¶ 26} The judgment of the Knox County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Edwards, J., concur.